UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

DONALD HETT SR.

    Plaintiff,

vs.                                      Civil Action No. 11-cv-2709
                                                    JTM/KMH

PORTFOLIO RECOVERY ASSOCIATES, INC.

    Defendant,

## COMPLAINT AND DEMAND FOR JURY TRIAL

DONALD HETT, SR., ("Plaintiff"), through the undersigned counsel, RAYMOND E. PROBST, JR. alleges the following against PORTFOLIO RECOVERY ASSOCIATES, ("Defendant"):

### INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, Donald Hett, Sr., an individual consumer, against Defendant, Portfolio Recovery Associates, Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here.

1

## PARTIES

3. Plaintiff, Donald Hett, Sr., is a natural person with a permanent residence in Fort Meade, Polk County, Florida, 33841.

4. Upon information and belief the Defendant, Portfolio Recovery Associates, Inc., is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 500 West First Avenue, Hutchinson, Reno County, Kansas 67501. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. The debt Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

7. Plaintiff has informed Defendant that that the alleged debt was included in a previous bankruptcy.

8. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, Defendant has continued to attempt to collect even though it was included in the bankruptcy.

9. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, Defendant has called Plaintiff several times a day in an attempt to harass to get Plaintiff to pay the alleged debt.

10. The natural consequences of Defendant's statements and actions was to unjustly condemn and vilify Plaintiff for his non-payment of the debt he allegedly owed.

11. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

12. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

## CLAIM FOR RELIEF

13. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

14. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

> (a) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and
>
> (b) Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly and/or continuously with the intent to annoy, abuse or harass any person at the called number; and
>
> (c) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

15. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

16. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Donald Hett, Sr., for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, Portfolio Recovery Associates, Inc., for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA.

B. Actual damages.

C. Statutory damages pursuant to 15 U.S.C. § 1692k.

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

F. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, DONALD HETT, SR., demands trial by jury in this action.

This 27th day of December, 2011.

RESPECTFULLY SUBMITTED

THE PROBST LAW FIRM, P.A.

BY: /s/ Raymond E. Probst, Jr.
Raymond E. Probst, Jr.
KS Bar No. 20370
Attorney for Plaintiff
827 Armstrong Avenue
Kansas City, KS 66101
(913) 281-0699

Of Counsel to:
Alex Simanovsky & Associates, LLC
2300 Henderson Mill Road, Suite 300
Atlanta, Georgia 30345
(678) 781-1012
alex@fdcpalawyeronline.com